UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO

| | |
|---|---|
| PHARMASTEM THERAPEUTICS, INC., a Delaware corporation,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>CORD BLOOD REGISTRY, INC., dba CBR, a California corporation, and SUTTER HEALTH, INC., a California corporation,<br><br>　　　　　　Defendants. | CASE NO. 04-3072 JSW<br><br>**JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER** |
| CBR SYSTEMS, INC., dba CBR, a California corporation, and Sutter Health,<br><br>　　　　　　Counterclaimants,<br><br>　v.<br><br>PHARMASTEM THERAPEUTICS, INC., a Delaware corporation; STEMBANC, INC., a Ohio corporation; NICHOLAS DIDIER; and ARCHIBALD A. GRABINSKI,<br><br>　　　　　　Counterdefendants. | Judge:　　Jeffrey S. White<br>Location: Courtroom 2<br>Date:　　　January 7, 2005 at 9:00 a.m. |

PharmaStem Therapeutics, Inc. ("PharmaStem"), Nicholas Didier, Stembanc, Inc. ("Stembanc"), Archibald A. Grabinski, CBR Systems, Inc. ("CBR"), and Sutter Health ("Sutter") jointly submit this Case Management Statement and Proposed Order and request the Court to adopt it as its Case Management Order in this case.

## DESCRIPTION OF THE CASE

1.  **Brief description of the basis for this Court's jurisdiction and venue:**

Patent Infringement Claims:

This Court has original and subject matter jurisdiction over PharmaStem's patent infringement claims against CBR and Sutter, and any defenses and counterclaims thereto, under the Patent Act, 35 U.S.C. §§ 271 *et seq.*, and 28 U.S.C. §§ 1331, 1338, 2201, and 2202. PharmaStem, CBR, and Sutter do not dispute that personal jurisdiction and venue may be proper in this district with respect to PharmaStem, CBR, and Sutter.

CBR's Counterclaims:

With respect to CBR's First through Sixth counterclaims against PharmaStem, Mr. Didier, Stembanc, and Mr. Grabinski, issues exist regarding subject matter jurisdiction, personal jurisdiction, and venue. CBR alleges that this Court has original and subject matter jurisdiction over all of CBR's counterclaims under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and 28 U.S.C. §§ 1337, 1338, and 1367; and that venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the allegedly tortious conduct occurred in this district, and because CBR and the public have allegedly suffered injury in this district as a result of the allegedly tortious conduct. PharmaStem and Mr. Didier dispute that this Court has subject matter jurisdiction over CBR's First through Sixth counterclaims. Additionally, Mr. Didier and Mr. Grabinski believe that this Court does not have personal jurisdiction over them. These matters are the subject of PharmaStem's, Mr. Didier's, Stembanc's, and Mr. Grabinski's motions to dismiss CBR's First through Sixth counterclaims, which have been fully briefed and await the Court's consideration.

No parties remain to be served.

**2.  Brief description of the case and defenses, key facts, and related proceedings:**
**Patent Infringement Claims:**

PharmaStem is the owner of U.S. Patent Nos. 6,461,645 B1 (the "'645 Patent") and 6,569,427 B1 (the "'427 Patent")(collectively, the "Patents-In-Suit"). The Patents-In-Suit are generally directed toward therapeutic compositions of fetal or neonatal hematopoietic stem and progenitor cells of the blood derived from the umbilical cord or placenta of a newborn at birth, and methods of isolating and preserving such compositions. PharmaStem is asserting the Patents-In-Suit against CBR, a private cord blood bank, and Sutter, who, on information and belief, promotes CBR's services and collects cord blood for CBR and/or its agents.

CBR admits that it provides its customers with collection kits to facilitate collection of cord blood from the umbilical cord or placenta; that it collects fees from certain of its customers for CBR's services; and, that it receives blood drawn from the umbilical cord or placenta of the children of its customers at its facility and tests and processes such blood for cryopreservation. CBR and Sutter deny infringement and allege that the Patents-In-Suit are invalid and unenforceable.

The key factual events underlying PharmaStem's patent infringement claims include, without limitation, CBR's cord blood banking activities and Sutter's promotion of cord blood collection and cord blood collection activities.

CBR's Counterclaims:

CBR and Sutter have filed counterclaims against Pharmastem for declaratory relief that the Patents-In-Suit are not being infringed, invalid and unenforceable. The key factual events underlying these counterclaims are the prosecution, enforcement efforts, prior art, inventorship, and other matters related to the invalidity, non-infringement and enforcement of the patents. In addition, CBR has filed counterclaims against PharmaStem, Mr. Didier, Stembanc and Mr. Grabinski alleging that statements about CBR by PharmaStem, Mr. Didier, Stembanc, and Mr. Grabinski, respectively, are false and misleading and violate various California common law torts and Section 43(a) of the Lanham Act.

PharmaStem, Mr. Didier, Stembanc, and Mr. Grabinski deny that the alleged statements are actionable as a matter of law.

Related Proceedings:

In February 2002, PharmaStem sued cord blood banks CBR, CorCell, Inc. ("CorCell"), Cryo-Cell International, Inc. ("Cryo-Cell"), ViaCell, Inc. ("ViaCell"), among others, for infringement of U.S. Patent Nos. 5,004,681 B1 ("'681 Patent") and 5,192,553 ("'553 Patent"). *PharmaStem Therapeutics, Inc. v. ViaCell, Inc., et al.*, Civ. Case No. 02-148 GMS (D.Del.). At trial, the jury found the '681 and '553 Patents valid, enforceable, infringed, and willfully infringed. After trial the district court, the Honorable Gregory M. Sleet, Judge, overturned the jury's verdict of infringement, granted the motions for JMOL filed by CBR and other defendants, and entered judgment in favor of CBR and other defendants. Pharmastem has stated that it will appeal the district court's decision. The '681 and '553 Patents are the "parent" patents to the Patents-In-Suit.

In February 2004, PharmaStem sued cord blood banks Alpha Cord, Inc., Cryobank for Oncologic and Reproductive Donors, Inc., Cryobanks International, Inc., Cord Partners, Inc., and New England Cord Blood Bank, Inc for infringement of the '681, '553, '645, and '427 Patents. *PharmaStem Therapeutics, Inc. v. Alpha Cord, Inc., et al.*, Civ. Case No. 04-0564 JSW (N.D.Cal.). All defendants settled with PharmaStem, terminating this action. This case was deemed a related case to the present matter pursuant to the Court's August 5, 2004 Order. (Docket Entry No. 5).

Commencing in or around July 2004, PharmaStem began suing private cord blood banks, including CBR (in the above-captioned action), CorCell, Cryo-Cell, and ViaCell, and obstetricians and/or obstetrician groups who allegedly promote and/or collect cord blood for storage with the defendant banks, for infringement of the '645 and '427 Patents. These cases were filed in the Central District of California, the Middle District of Florida, the Eastern District of Pennsylvania and the District of Massachusetts. *See* Joint Status Report on Motions and Notices of Pendency of Other Proceedings (Docket Entry No. 47). While several defendants have settled with PharmaStem, these cases are still pending. Defendants in the above actions have moved to transfer some or all of them for consolidated pretrial proceedings in a single district court, before

the Judicial Panel for Multidistrict Litigation ("MDL Motion"). In particular, CBR and other defendants in these cases have proposed that the MDL Motion be granted and the cases assigned to the Honorable Gregory M. Sleet, who presided over the case tried in Delaware since 2002. A hearing on the MDL Motion is set for January 27, 2005. PharmaStem and Mr. Didier have opposed the MDL Motion.

Stembanc and Mr. Grabinski are not parties to any of the actions mentioned above. Accordingly, Stembanc and Mr. Grabinski have requested that CBR's counterclaims against them be excluded from any transfer order as a result of the MDL Motion.

3.  **Brief description of the legal issues:**

Several legal issues are genuinely in dispute, including:

a)  the meaning and scope of the claims of the Patents-In-Suit;

b)  whether the Patents-In-Suit are valid;

c)  whether the Patents-In-Suit are enforceable;

d)  whether the Patents-In-Suit are infringed;

e)  whether such infringement was willful;

f)  the amount of damages PharmaStem is entitled to;

g)  whether this case should be deemed exceptional, such that PharmaStem can recover its attorney's fees and costs;

h)  whether this case should be deemed exceptional, such that the defendants can recover their attorney's fees and costs;

i)  whether this case should be deemed exceptional, such that the counterclaim-defendants can recover their attorney's fees and costs;

j)  whether the alleged statements by the respective counterclaim-defendants violate the Lanham Act;

k)  whether the alleged statements by the respective counterclaim-defendants constitute intentional interference with contractual or other economic relationships under California law;

l)  whether the alleged statements by the respective counterclaim-defendants constitute negligent interference with contractual or other economic relationships under California law;

m)  whether the alleged statements by the respective counterclaim-defendants constitute common law unfair competition under California law;

n) whether the alleged statements by the respective counterclaim-defendants constitute common law trade libel under California law;

o) whether the alleged statements by the respective counterclaim-defendants violate Section 17500 of the California Business and Professions Code;

p) Whether CBR is entitled to its attorney's fees against the counterclaim-defendants; and

q) whether this Court has jurisdiction over Mr. Didier and Mr. Grabinski's person.

PharmaStem believes that the issues (a), (b), (c), and (d), above, may be appropriate for partial or full disposition by motion or by agreement. CBR believes that issues related to the non-infringement and/or validity of the Patents-In-Suit may be appropriate for partial or full disposition by motion or agreement. Stembanc and Mr. Grabinski believe that the issues related to the tortious counterclaims against them may be appropriate for partial or full disposition by motion or agreement.

**4. Brief description of the procedural history of the matter:**

CBR and Sutter have answered the complaint in this case and counterclaimed for a declaratory judgment of invalidity, unenforceability, and non-infringement of the Patents-In-Suit. Additionally, CBR has counterclaimed for violation of the Lanham Act, 15 U.S.C. § 1125, intentional interference with future contractual or other economic relationships, negligent interference with future contractual or other economic relationships, common law unfair competition, common law trade libel, and violation of Section 17500 of the California Business and Professions Code against PharmaStem, Mr. Didier, Stembanc, and Mr. Grabinski. PharmaStem, Mr. Didier, Stembanc, and Mr. Grabinski have each moved to dismiss CBR's tortious counterclaims. Those motions are pending and are set for hearing on January 7, 2005. A motion to stay proceedings pending the MDL Motion was filed by CBR and Sutter, and is also set for hearing on January 7, 2005. PharmaStem has also moved to sever proceedings.

5

# DISCLOSURES

**5.     Brief description of the scope of discovery to date:**

The parties agree to exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on or before January 4, 2005

# DISCOVERY

**6.     Discovery plan:**

The parties agree to the following discovery plan.

<u>Discovery Start and Cut-Offs:</u>

All fact and expert discovery shall begin after the Case Management Conference on January 7, 2005, pursuant to Fed. R. Civ. P. 26(d). All fact and expert discovery shall be completed by April 14, 2006. The parties agree to follow the parameters set forth in the Federal Rules of Civil Procedure for requests for admission and requests for production and inspection. Only for purposes of the discovery set forth below, PharmaStem and Mr. Didier are counted as a single party, Stembanc and Mr. Grabinski are counted as a single party and CBR and Sutter are counted as a single party. The parties agree that each party is permitted to serve no more than twenty-five (25) written interrogatories on any other party, including all parts and subparts, pursuant to Fed. R. Civ. P. 33, except that Sutter may separately serve 15 interrogatories on PharmaStem related to the patent infringement claims and PharmaStem may separately serve 15 interrogatories on Sutter related to the patent infringement claims. The parties agree that each party is permitted no more than ten (10) depositions of any other party, excluding any depositions of expert witnesses or third parties, and that each oral deposition shall be limited to one day of seven hours of testimony.

<u>Expert Disclosures:</u>

The parties agree, in accordance with Fed. R. Civ. P. 26(a)(2)(C), that disclosures under Fed. R. Civ. P. 26(a)(2) shall be due as follows: initial expert disclosures shall be due on February 24, 2006; and rebuttal expert disclosures shall be due on March 31, 2006.

<u>List of Key Witnesses:</u>

The parties currently believe, based on information available to them, that their key witnesses are as follows, subject to supplementation based on discovery, investigation, and issues and other matters that may be developed in the course of this litigation:

PharmaStem and Mr. Didier deem the following, without limitation, to be key fact witnesses essential to prove their claims and defenses:

Corporate designees of CBR
Thomas E. Moore
Stephen M. Grant
Jesse O. Kramer
David T. Harris
CBR's clients
Corporate designees of Sutter
Sutter's clients and/or patients
Dr. Edward A. Boyse
Dr. Hal E. Broxmeyer
Corporate designees of PharmaStem
Nicholas Didier

Stembanc and Mr. Grabinski deem the following, without limitation, to be key fact witnesses essential to prove their defenses:

Archibald A. Grabinski.

CBR and Sutter deem the following, without limitation, to be key fact witnesses essential to prove their claims and defenses:

Thomas E. Moore
Stephen M. Grant
Archibald A. Grabinski
Nicholas Didier
Sutter witnesses regarding Sutter's practices related to PharmaStem's claims
Dr. Edward A. Boyse
Dr. Hal E. Broxmeyer

This above list of witnesses for each party is based on information currently available and will be supplemented as appropriate based on discovery and investigation.

List of Key Information:

PharmaStem and Mr. Didier deem the following information from CBR and Sutter, without limitation, to be essential to prove their claims and defenses: Information about CBR's cord blood banking activities; Sutter's cord blood promotion and collection activities; and, Sutter's relations with CBR.

7

Stembanc and Mr. Grabinski deem the following information from CBR, without limitation, to be essential to prove their defenses: Information about CBR's damages arising out of Stembanc's and Mr. Grabinski's alleged statements; and, customers who demanded refunds from CBR as a result of CBR's alleged patent infringement.

CBR and Sutter deem the following information from PharmaStem, Mr. Didier, Stembanc, and Mr. Grabinski, without limitation, to be essential to prove their claims and defenses: Information regarding PharmaStem's alleged damages; the facts that PharmaStem contends support its claims of infringement; PharmaStem's contentions regarding claim construction; information related to the prosecution of the Patents-In-Suit, including but not limited to the patentee's conduct during prosecution, prior art, and inventorship; statements made by counterclaim defendants to the public, including potential and actual customers of CBR, regarding (1) CBR and/or litigation by PharmaStem against CBR and other cord blood banks, (2) cord blood banking and PharmaStem's patents, and (3) licenses under PharmaStem's patents; information regarding counterclaim defendants' sales and marketing; and information regarding counterclaim defendants' revenues and profits.

The above list of key information is submitted by the parties in good faith and subject to supplementation based on discovery, investigation, and issues and other matters that may be developed in the course of this litigation.

7. **A brief description of the motions each party intends to pursue before trial:**

In addition to the pending motions, the parties intend to pursue the following motions before trial.

<u>PharmaStem's and Mr. Didier's Intended Motions:</u>

PharmaStem intends to move for preliminary injunction for infringement of the Patents-In-Suit. If CBR's tortious counterclaims are not dismissed, PharmaStem and Mr. Didier intend to seek summary judgment of CBR's tortious counterclaims. PharmaStem also intends to seek to summary judgment of PharmaStem's infringement-related claims and CBR's declaratory counterclaims. PharmaStem anticipates that claim-construction briefing and a hearing will be

8

required. PharmaStem and Mr. Didier do not anticipate adding new parties. PharmaStem and Mr. Didier anticipate that Mr. Didier, Stembanc, and Mr. Grabinski may be deleted as parties to this case. If PharmaStem learns of any parties who also collect and/or promote CBR's services, PharmaStem may seek to add such parties.

Stembanc's and Mr. Grabinski's Intended Motions:

If CBR's tortious counterclaims are not dismissed, Stembanc and Mr. Grabinski intend to seek summary judgment of CBR's tortious counterclaims.

CBR's and Sutter's Intended Motions:

CBR and Sutter intend to seek summary adjudication on PharmaStem's infringement allegations. CBR may also seek preliminary injunctive relief and summary adjudication related to its claims of false and misleading statements.

8. **Brief description of the relief sought:**

PharmaStem seeks to preliminarily and permanently enjoin CBR and Sutter from infringing, contributorily infringing, and/or inducing infringement of the Patents-In-Suit; an award for compensatory damages to be proven at trial, not to be less than a reasonable royalty; enhanced damages for willful infringement; and, its fees and costs. Mr. Didier seeks to be dismissed from the case. If not dismissed from the case, Mr. Didier intends to seek his fees and costs.

Stembanc and Mr. Grabinski seek to be dismissed from the case. If not dismissed from the case, Stembanc and Mr. Grabinski intend to seek their fees and costs.

CBR seeks injunctive relief and damages related to the false and misleading statements by counterclaim defendants, and counterclaim defendants' other conduct as alleged in the counterclaim. CBR seeks dismissal of the patent claims against it. CBR also seeks its fees and costs related to its defense of PharmaStem's patent claims and on its counterclaims.

## ALTERNATIVE DISPUTE RESOLUTION

9. **ADR plan:**

The parties have complied with Civil L.R. 16-8(b) regarding ADR certification and have agreed to participate in court-sponsored mediation. Additionally, the parties believe that the prospects for settlement are moderate to small.

9

10. **Assignment to a magistrate judge:**

The parties do not consent to assignment to a magistrate judge.

## PRE-TRIAL AND TRIAL SCHEDULE

11. **Proposed deadlines and court dates:**

The parties agree to the following case schedule.

| | |
|---|---|
| Disclosure of Asserted Claims and Preliminary Infringement Contentions (Patent L.R. 3-1) | January 28, 2005 |
| Preliminary Invalidity Contentions (Patent L.R. 3-3) | March 14, 2005 |
| Exchange of Proposed Terms and Claim Elements for Construction (Patent L.R. 4-1) | March 28, 2005 |
| Exchange of Preliminary Claim Constructions and Extrinsic Evidence (Patent L.R. 4-2) | April 15, 2005 |
| Joint Claim Construction and Prehearing Statement (Patent L.R. 4-3) | May 12, 2005 |
| Completion of Claim Construction Discovery (Patent L.R. 4-4) | June 10, 2005 |
| PharmaStem's Opening Claim Construction Brief (Patent L.R. 4-5(a)) | June 27, 2005 |
| CBR's and Sutter's Opposition Claim Construction Brief (Patent L.R. 4-5(b)) | July 11, 2005 |
| PharmaStem's Reply Claim Construction Brief (Patent L.R. 4-5(c)) | July 18, 2005 |
| Tutorial (Hon. JSW's Standing Order for Patent Cases, ¶ 7) | August 3, 2005 |
| Claim Construction Hearing (Patent L.R. 4-6; Hon. JSW's Standing Order for Patent Cases, ¶ 9, 12) | August 10, 2005 |
| Deadline for Initial Expert Disclosures | February 24, 2006 |
| Deadline for Supplemental/Rebuttal Expert Disclosures | March 31, 2006 |
| Fact and Expert Discovery Cut-Off | April 14, 2006 |
| Deadline for Dispositive Motions | May 19, 2006 |
| Deadline for Filing Joint Final Pretrial Conference Statement and Proposed Order (Civil L.R. 16-10(b)(5)-(12)) | Ten (10) Court Days Before Final Pretrial Conference |
| Final Pretrial Conference | July 17, 2006 |
| Jury Selection and Trial | August 25, 2006 |

The parties anticipate that the length of trial will be eleven (11) court days. The parties have requested a jury trial. If all issues set forth in the Complaint and Answers and Counterclaims are tried, PharmaStem anticipates that it will call approximately fifteen to twenty (15-20) witnesses, approximately five to seven (5-7) experts, and will have approximately several hundred exhibits.

JOINT STATUS REPORT

PharmaStem and Mr. Didier believe it would be feasible to bifurcate the tortious counterclaims against PharmaStem, Mr. Didier, Stembanc, and Mr. Grabinski from the patent infringement claims, defenses, and counterclaims.

Stembanc and Mr. Grabinski would oppose bifurcation.

CBR believes it is premature to commit to bifurcation but will consider it if it believes it is appropriate as the case progresses. CBR anticipates that it would call approximately 10-15 fact witnesses and 5 experts if this case is not bifurcated.

**12.    Current service list for all counsel:**

Attorneys for PharmaStem and Mr. Didier:

Paul J. Andre, Esq.
Lisa Kobialka, Esq.
Perkins Coie LLP
101 Jefferson Drive
Menlo Park, California 94025
Tel.: (650) 838-4300
Fax: (650) 838-4350

Attorneys for Stembanc and Mr. Grabinski:

Samuel B. Shepherd
Matthew W. Meskell
Quinn Emanuel Urquhart Oliver & Hedges LLP
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
Tel: (650) 801-5000
Fax: (650) 801-5100

Attorneys for CBR and Sutter:

William F. Abrams
Thomas F. Chaffin
Chang Kim
Pillsbury Winthrop LLP
2475 Hanover Street
Palo Alto, CA 94304-1114
Tel: (650) 233-4500
Fax: (650) 233-4545

**13.    Other items set forth in Civil L.R. 16-10:**

PharmaStem is preparing a draft protective order to govern the handling of the parties' respective confidential information. In addition, the parties agree to serve all papers on each

other by fax or electronic PDF, except that voluminous papers may be served by personal delivery on the undersigned counsel below.

**14.  Notice of interested persons or entities:**

<u>PharmaStem's and Mr. Didier's Disclosure of Interested Persons or Entities:</u>

PharmaStem knows of no persons or entities, who are not already parties, who have either a financial interest in the subject matter at issue or in a party to the proceeding or any other kind of interest that could be substantially affected by the outcome of the proceeding.

<u>Stembanc's and Mr. Grabinski's Disclosure of Interested Persons or Entities:</u>

Stembanc knows of no persons or entities, who are not already parties, who have either a financial interest in the subject matter at issue or in a party to the proceeding or any other kind of interest that could be substantially affected by the outcome of the proceeding.

<u>CBR's and Sutter's Disclosure of Interested Persons or Entities:</u>

CBR and Sutter know of no persons or entities, who are not already parties, who have either a financial interest in the subject matter at issue or in a party to the proceeding or any other kind of interest that could be substantially affected by the outcome of the proceeding.


The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with the Order.


Dated: _____                              _____
                                                    UNITED STATES DISTRICT JUDGE

| | |
|---|---|
| Dated: _____ | **PERKINS COIE LLP**<br><br>By: ...../s/.......................................<br>Paul J. Andre<br>Attorneys for Plaintiff PharmaStem<br>Therapeutics, Inc. and Counter-defendant<br>Nicholas Didier |
| Dated: _____ | **QUINN EMANUEL URQHART OLIVER & HEDGES, LLP**<br><br>By: ...../s/.......................................<br>Samuel B. Shepherd<br>Attorneys for Counter-defendants Stembanc, Inc. and Archibald A. Grabinski |
| Dated: _____ | **PILLSBURY WINTHROP, LLP**<br><br>By: ...../s/.......................................<br>William F. Abrams<br>Attorneys for Defendants and Counter-claimants CBR Systems, Inc. and Sutter Health, Inc. |